## Thomas Taylor *v.* Andrew French.

Under the statute of Nov. 11, 1807, the collector of a particular land tax must have caused his return of his proceedings to be recorded in the town clerk's office within thirty days after completing his sale, whether the vendue was dissolved on that day, or not.

Where the sale was made August 24, 1829, and the collector then adjourned the vendue to October 5, 1829, and the return showed, that on that day the vendue was opened and was dissolved, the collector finding that all the land had been sold and no mistakes made, and the collector made his return to the town clerk's office October 16, 1829, it was held, that the proceedings were fatally defective.

It is also required, under that statute, that the return of the proceedings of the collector should be signed by him. Where the record showed a return of the sale, then a minute of the adjournment of the vendue, and then a minute, that, it being found, at the time to which the vendue was adjourned, that all the land was sold and no mistakes made, the vendue was dissolved, and the collector signed the minutes of adjournment and dissolution only, it was held, that this could not be considered a signing of the anterior proceedings and that the defect was fatal.

Where the advertisements of the collector and committee were recorded at length in the town clerk's office, and there was a statement, following the record of each, that the same was inserted in a certain newspaper, giving the title, volume, number and the place where published, but these statements were not signed by any person, but, following the record of all the advertisements, there was a certificate, signed by the town clerk, stating that he had received the foregoing advertisements for record and had recorded the same, it was held, that this certificate could not extend to the statements as to the publication, and did not show, that the town clerk received from the collector the newspapers themselves, in which the advertisements were published, and that the defect was fatal.

Ejectment for land in Elmore. Plea, the general issue, and trial by the court,—Royce, Ch. J., presiding.

On trial the plaintiff claimed title to the land in question by virtue of a vendue deed from Jonathan Bridge, collector of a tax of four cents per acre on the lands in Elmore, granted by the legislature of Vermont in the year 1827, and gave in evidence the record of the collector's proceedings, the rate bill, the collector's bond and the allowance of the account of the committee. The record offered contained

7

what purported to be the collector's return of his sale, made on the twenty fourth day of August, 1829, which was not signed, but was followed by a minute, in these words;—"This vendue is adjourned to the first Monday of October next, at ten o'clock, at this place : *(signed)* Jonathan Bridge, Collector." Then followed, upon the record, a minute in these words;—"Elmore, October 5, 1829. The vendue was opened at the time and place, according to the adjournment, and find that the delinquents' lands are all sold, and find no mistakes in the proceedings; therefore dissolved said vendue ; *(signed)* Jonathan Bridge, Collector." The certificate of the town clerk then followed, and was in these words;—"Received, Elmore, Oct. 16, 1829, the foregoing vendue for record and recorded the same ; Attest, Martin Elmore, Town Clerk." The advertisements of the committee and collector were recorded at length, and there followed each advertisement a statement, not signed by any one, that the same had been inserted in a newspaper, stating the name of the paper, the volume, number, date, and where printed; and at the end of all the advertisements was a certificate in these words;— " Received, Elmore, Oct. 16, 1829, the above and foregoing eighteen advertisements for record and recorded the same from page 42 to page 50 ; Attest, Martin Elmore, Town Clerk."

The defendant objected to the sufficiency of the record, and the court sustained the objections and rendered judgment for the defendant. Exceptions by plaintiff.

*Ferrin* and *Poland* for plaintiff.

1. It is objected, that the collector did not return his warrant and proceedings, for record, within thirty days after completing his sale. This question turns entirely upon the legality of the adjournment. The statute does not expressly give the collector any power to adjourn his sale for any purpose ; but this has been so universally practised, without objection, that we presume it will be treated as settled, that they possess the right and power to adjourn, when necessary. In this case the record does not show for what reason the vendue was adjourned ; but the plaintiff insists, that the doctrine, applicable to the conduct of all persons acting officially, applies in this case, that the presumption is in favor of the due execution and performance of their duty. *Rex.* v. *Catesby*, 2 B. & C. 814 ; [9 E.

Taylor *v.* French.

·C. L. 264.]   *Rex* v. *Morris*, 4 T. R. 550.   *Rex* v. *Hinckley*, 12 East 361.   *Rex* v. *Bestland*, 1 Wils. 128.   *Rex* v. *Long Buckby*, 7 East 45.   9 Cow. 110.   14 Mass. 145–148.   *Brown* v. *Wood*, 17 Mass. 68.   *Stembey* v. *Shafter*, 11 Johns. 513.   3 Pick. 281.   *Adams* v. *Jackson*, 2 Aik. 145.   1 Cow. & Hill's Notes, 304, 305.   *Mead* v. *Mallet et al.*, 1 D. Ch. 239.

2. It is also objected, that the advertisements of the collector and committee are not severally certified by the town clerk to be true records, &c.   The statute requires no formal certificate of the title, volume, &c., of the newspaper to be appended to each advertisement.   *Spear* v. *Ditty*, 8 Vt. 419.   *Bellows* v. *Elliott et al.*, 12 Vt. 569.   *Isaacs, Adm'r* v. *Shattuck*, 12 Vt. 673.

*S. A. Willard* for defendant.

1. The record is not accompanied with sufficient certificates, to show in what newspaper each advertisement was inserted, the volume, number, date, and place where printed.   The statement at the end of each advertisement does not appear to be official, and is insufficient.   The town clerk's certificate, at the end of all the advertisements, cannot be extended to what is not expressed therein, and must therefore be confined to the recording the advertisements. It does not prove what the record was made from.

2. The statute required, that the collector, within thirty days after completing the sale of any township, should cause his warrant and return of his proceedings, by him signed, to be recorded in the proper office for the recording of deeds of land in said township, &c.   In this case the land was all sold on the 24th of August, and the proceedings were not returned until the 16th of October after. This defect is sufficient to vitiate the whole matter.

The opinion of the court was delivered by

BENNETT, J.   In the argument several objections are made against the validity of the title under Bridge's vendue, a portion only of which it is necessary to consider.

The twelfth section of chapter 86 of the Revised Statutes* re-

---

* Which is in the words of the statute of Nov. 11, 1807, [Sl. St. 665;] under which this vendue was held; and this latter statute was copied from the statute of Nov. 5, 1799, [2 Tolm. St. 298.]

quires, that every collector of land taxes shall, within thirty days after completing the sale of any township, cause his warrant and a return of his proceedings, by him signed, to be recorded in the proper office for recording deeds of lands in such township. It appears from the records, that the sale of all the lands of delinquents was made on the 24th day of August, 1829; though the collector, for some cause not apparent upon the record, adjourned the vendue until the 5th day of October next ensuing. The proceedings of the collector were not returned to the town clerk for record until the 16th day of October, 1829,—more than thirty days from the completion of the sales. On the 5th day of October, 1829, the record shows, that the vendue was opened at the time and place according to adjournment, and that the collector, finding all the lands of delinquents sold, and no mistakes, adjourned the vendue without day. The record then shows affirmatively, that the sales were all completed on the 24th day of the preceeding August.

It is said, that the collector had power to adjourn the vendue, and that therefore the thirty days should commence runing from the time it was adjourned without day. Vendue sales for land taxes are proceedings *in invitum;* and we have always required a strict compliance with the statute requisites. The statute is, that the return shall be made within thirty days after completing the sales. To hold that this means thirty days from the time the collector shall see fit to adjourn the vendue without day, though the sales may have been completed long before, is a perversion of language. The statute can have but one meaning. The time must commence running, when the sales are all completed; and it matters not when the vendue shall, in form, be finally dissolved.

In *Mead, Adm'r,* v. *Mallet et al.,* 1 D. Ch. 239, the court say, the return must be made within thirty days from the time the collector closes his vendue, or no title is acquired under such vendue. That case shows that the vendue closed more than six months before the return was made; but whether the vendue was closed on the same day the sales were completed does not appear from the case, as reported; and in that case it was of no particular importance. So far as this question is concerned, when the sales are all made and the business completed, the time must begin to run. In the case in Chipman the court say, that, "to hold the sales void, unless the

proceedings are returned within the *thirty days*, has been the uniform construction of the act, ever since it was passed," (1799,) and that on the faith of this construction numerous estates in land have been bought and sold and were then holden, and that it would be productive of great injustice to disturb it. This construction having become a rule of property, it should not be changed without an imperious necessity, whatever we might think of it, were it *res integra*.

The statute also requires the return of the proceedings of the collector to be by him signed. There is a failure to comply with the statute in this particular. The collector, having simply signed his name to the two adjournments, it cannot be considered as a signing of the anterior proceedings. It in no way professed to be so. This objection must also be fatal to the validity of the vendue.

It is also made the duty of the collector, within one year after the time appointed by him for the sale of lands, to present at the office, where the proceedings of his sale may be recorded, all the newspapers respecting the lands so sold; and it is made the duty of the clerk to record the advertisements at length, and the title, volume, number and date of the papers, in which they are inserted, and the place where such paper was printed. It appears, that following each advertisement there is a simple statement, that the same was inserted in a certain newspaper, giving the title, volume, number, date, and place where published; but none of the statements are verified by any signature, either private, or official. All that we have, on this point, is at the end of the whole record, where the town clerk of Elmore, *on the 16th day of October, 1829,* certifies, "that he then received the above and foregoing eighteen advertisements for record and recorded the same from page 42 to page 50," and attests the same.

It is evident, that this certificate must be confined to the recording of the advertisements, and cannot extend to the statements in regard to their publication. It does not profess to extend any farther. Neither does the certificate of the town clerk state that he received of the collector the newspapers themselves, in which the publications were made, and that he made the record of the advertisements, &c., from the papers themselves. We think the title under the vendue defective, also, for these reasons.

The result is, the judgment of the county court is affirmed.